# EXHIBIT A

ELECTRONICALLY FILED - 2021 Dec 21 5:21 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1802198

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER<br><br>MICHELLE SPIRES,<br><br>        Plaintiff,<br><br>        v.<br><br>Titi Properties of SC, LLC, and<br>Dolgencorp, LLC d/b/a Dollar General<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS FOR THE FIRST JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2021-CP-18-<br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED**) |

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 1668 Old Trolley Road, Suite 104, Summerville, SC 29485, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                                                **SMITH AMMONS HOWLE & RICKER**

                                               *s/Brice E. Ricker*
                                               Brice E. Ricker, Esq.
                                               Attorney for the Plaintiff
                                               S.C. Bar #: 101843
                                               1668 Old Trolley Road, Suite 104
                                               Summerville, SC 29485
                                               Phone No.: (843) 900-2020
                                               Fax No.: (888) 247-0844
                                               Email: bricker@smithammonslaw.com

Summerville, South Carolina
this **21** day of **December** 2021.

1

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER<br><br>MICHELLE SPIRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Titi Properties of SC, LLC,<br>Dolgencorp, LLC d/b/a Dollar General<br><br>　　　　Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIRST JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2021-CP-18-<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff complaining of the acts of the Defendants would show unto this Honorable Court as follows:

1. Plaintiff, Michelle Spires, is a citizen and resident of Dorchester County, South Carolina.

2. Defendant **Titi Properties of SC, LLC (*hereinafter "Titi"*),** is upon information and belief, an entity that maintains an office and agent for the transaction of business in Dorchester County, South Carolina, and owned the subject property located at 525 Orangeburg Road, Summerville SC 29483 at all times relevant.

3. Defendant **Dolgencorp, LLC d/b/a Dollar General (*hereinafter "Dollar General"*)** is upon information and belief, a foreign corporation that maintains an office and agent for the transaction of business in Dorchester County, South Carolina and was a tenant at all times relevant at the subject property located at 525 Orangeburg Road, Summerville, SC and operated a retail business under the name "Dollar General" (*upon information and belief, Dollar General Store #10318*).

4. The parties, subject matter and all things and matters herein alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

5. On or about September 17, 2020, the Plaintiff entered the premises owned by Defendant Titi and leased by Defendant Dollar General; both Defendants operated, controlled, and maintained the subject property located at 525 Orangeburg Road Summerville, SC 29483.

6. The Plaintiff was on the premises for the purpose of doing business as a customer of defendants, and as such was a business invitee.

7. At all times the Plaintiff was in areas provided for the use of patrons, invitees, and pedestrians.

2

8. Both Defendants were aware that all manner of people would be walking in their business, including the aged, the infirmed, the young, people with vision problems, the disabled, etc., and that Defendants knew they needed to keep the walking areas free from hazards.

9. The Plaintiff opened the door to enter the store and as her right foot touched the floor, she slipped on a pool of water on what appeared to be linoleum tile; both feet came off the ground and she came crashing down landing on her lower back which resulted in serious injury.

10. After falling, the Plaintiff looked at the floor which was covered in water; the Defendants had no mat in place to absorb the water nor was a wet-floor sign placed to warn patrons of the hazardous, slippery condition.

11. As she pulled herself up, the Plaintiff noticed that the cashier was laughing at her; she communicated that she was not ok.

12. Humiliated from the cashier's laughter, the Plaintiff quickly and painfully walked down the store aisle, purchased the items she intended to acquire, and left Dollar General.

13. Before leaving, the Plaintiff informed the cashier that the front door area needed to be mopped before someone else gets injured.

14. The Store Manager confirmed that there was no moisture/fluid absorbing mat nor was a wet floor sign in place; yet the manager claimed the Plaintiff was at fault for her injuries.

15. Both Defendants were responsible for maintaining the premises; both Defendants created the hazardous condition (*water on the floor without a mat or sign causing an extremely slippery walkway in the direct path of staff and patrons*); both Defendants had a reasonable time, opportunity, and means to address the water on the floor prior to anyone being injured but failed to do so.

16. At all times herein mentioned the Plaintiff was acting in a prudent and lawful manner in her conduct on the premises.

17. The presence of the accumulation of water on the floor located in a patron walk-way created an extremely slippery surface and resulted in an unreasonably dangerous condition which was the sole and proximate cause of the Plaintiff's fall and subsequent injuries; both Defendants, their agents and servants, knew or should have known of the hazardous conditions present on the floor and that it constituted a danger to members of the public who were present on the premises.

18. Both Defendants had an affirmative duty to protect the Plaintiff from known dangers or dangers they created, but they failed to do so.

19. Both Defendants are jointly and severally liable for creating an unreasonable dangerous condition which caused serious injury to the Plaintiff.

ELECTRONICALLY FILED - 2021 Dec 21 5:21 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1802198

## FOR A FIRST CAUSE OF ACTION
*Premises Liability: Negligence/Gross Negligence*

20. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

21. Both Defendants owed to the Plaintiff a duty of reasonable care – and failed in that duty by creating an unreasonably dangerous condition resulting in serious injury to the Plaintiff.

22. Both Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a. In failing to ensure that the area where the Plaintiff fell was kept in a reasonably safe condition for invitees, patrons, staff, and the public;

    b. In failing to ensure that the area where the Plaintiff fell was free of any liquid substance, hazards, or debris resulting in a dangerous condition to the public;

    c. In failing to cordon off the area where the Plaintiff fell;

    d. In failing to guard against the hazards associated with the accumulation of water on the floor;

    e. In failing to warn invitees, pedestrians, patrons, and the public of any dangers associated with the area where the Plaintiff fell;

    f. In failing to remove any liquid substance, hazards, or debris that may be dangerous from the area where the Plaintiff fell;

    g. In failing to exercise reasonable care to discover the presence of the acculturation of a liquid substance on the floor creating a slip hazard that was dangerous to the public and patrons;

    h. In maintaining and operating the premises without exercising the degree of care, caution and prudence a person of ordinary, care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

    i. In creating a wet floor by failing to maintain the area;

    j. In failing to place a water/fluid absorbing mat at the store entry where both Defendants knew or should have known would accumulate moisture and water creating an unreasonable dangerous slip hazard, particularly during rainy weather; and

    k. In failing to place a wet-floor sign after hours of water accumulation at the store entry on a rainy day when they knew or should have known of the unreasonably dangerous slip hazard.

4

23. As a direct and proximate result of the Defendants' willful, wanton, reckless, negligent and grossly negligent conduct, the Plaintiff fell on the premises, sustaining injury and great emotional upset and distress.

24. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and pain and suffering will continue to impair the Plaintiff. Plaintiff has also sustained lost wages.

## FOR A SECOND CAUSE OF ACTION
*Negligent/Gross Negligent Retention, Supervision, and Training*

25. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

26. Both Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a. In allowing their employees to leave water on the floor – even after discovery of the hazard;

    b. In failing to train, monitor, and supervise their employees on the proper inspection protocols of their premises in order to ensure a safe walkway for patrons and the public;

    c. In failing to train, monitor, and supervise their employees on the proper hazard (*including slippery walking surfaces*) remediation protocols of their premises in order to ensure a safe walkway for patrons and the public;

    d. In failing to train, monitor, and supervise their employees on how to eliminate, guard against, and warn against hazardous conditions including slippery walking surfaces (*including but not limited to mopping, application of fluid absorbent mats, and placement of wet floor signs*);

    e. In retaining employees after they failed to perform reasonably safe and effective injury prevention protocols; and

    f. In failing to exercise the degree of care, caution and prudence a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing.

27. Such acts by both Defendants were the proximate cause of the Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent, and such acts were without regard for the safety of the public and individuals on the premises, including the Plaintiff.

28. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff has had to endure pain and suffering

5

ELECTRONICALLY FILED - 2021 Dec 21 5:21 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1802198

resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

**WHEREFORE**, The Plaintiff prays for a Judgment against both Defendants, jointly and severally, in an amount of actual damages, punitive damages, the costs of this action and any further relief as this Court deems just and proper.

                **SMITH AMMONS HOWLE & RICKER**

                *s/Brice E. Ricker*
                Brice E. Ricker, Esq.
                Attorney for the Plaintiff
                S.C. Bar #: 101843
                1668 Old Trolley Road, Suite 104
                Summerville, SC 29485
                Phone No.: (843) 900-2020
                Fax No.: (888) 247-0844
                Email: bricker@smithammonslaw.com

Summerville, South Carolina
this **21** day of **December** 2021.